UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____
CORRADO FAMILY L.P.,
                       Plaintiff

    v.                                                  5:08-CV-680
                                                         (NPM/GJD)
TERRY McCORMICK,
                       Defendant.
_____

CORRADO FAMILY, L.P. d/b/a RIVERFOREST PARK
GERARD CORRADO
JAMES R. MULDOON, ESQ. for Defendant

## REPORT-RECOMMENDATION

On February 12, 2009, this court granted the motion of plaintiff's former counsel to withdraw from this action. (Dkt. No. 22). On March 11, 2009, the court received a letter from Gerard Corrado, informing the court that the Corrado Family, L.P. d/b/a/ Riverforest Park intended to proceed *pro se* in this case. (Dkt. No. 23). On March 12, 2009, the court ruled that the plaintiff Limited Partnership could not be represented by individual members of that entity unless they were attorneys admitted to practice law. (Dkt. No. 24).

In the court's March 12, 2009 order, plaintiff was given forty-five (45) days within which to obtain counsel and for that attorney to file a notice of appearance in this action. (Dkt. No. 24 at 2). Plaintiff did not retain counsel within the time period allotted, and on June 12, 2009, the court scheduled an in-person hearing to discuss the issue. (Dkt. No. 25). The parties appeared on June 25, 2009, and Gerard Corrado and Greg Corrado informed the court that they wished to have the opportunity to argue

that the decision cited by the court in its March 12, 2009 order should not apply to bar them from appearing *pro se* on behalf of the plaintiff Limited Partnership. (Dkt. No. 26).

The court allowed those individuals to submit a Memorandum of Law in support of their request to proceed *pro se*. *Id*. After listening to the arguments and reviewing the papers submitted, this court denied Gregory and Gerard Corrado's request to represent the family partnership. (Dkt. No. 30). In that order, this court gave the plaintiff one final opportunity to hire an attorney. (Dkt. No. 30 at 3). The order stated that if no notice of appearance were filed on behalf of the partnership by Thursday, September 10, 2009, this court would recommend dismissal because plaintiff may not proceed without counsel. *Id.*

As of today, no notice of appearance has been filed on behalf of the partnership. As the court stated in its August 11, 2009 order, it is bound by Second Circuit precedent, clearly indicating that an entity may not proceed *pro se*. *Berrios v. N.Y. City Housing Auth.,* 564 F.3d 130, 133 (2d Cir. 2009). The rule prohibiting an entity from proceeding *pro se* applies to situations, including those in which the plaintiff is the sole shareholder of a corporation; the sole member of a limited liability company; or in which plaintiff is a partner in a partnership. If counsel is not secured or appointed, the court may dismiss the complaint without prejudice. *Id.* at 135 (citing *Wenger v. Canastota Central School Dist.*, 146 F.3d 123, 125 (2d Cir. 1998). The court ***cannot make an exception for the two individuals in this case.***

Gerald and Greg Corrado were informed that they could not represent the

plaintiff in orders by this court, dated March 12, 2009; and August 11, 2009. (Dkt. Nos. 24, 30).  On August 11, 2009, they were specifically informed that if no notice of appearance by counsel were filed by September 10, 2009, this court would recommend dismissal.  Thus, Gerald and Greg Corrado were well aware of the consequences of the failure to obtain counsel for plaintiff.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that this case be **DISMISSED WITHOUT PREJUDICE** for failure of the entity-plaintiff to obtain representation.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: October 6, 2009

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge